UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CONSTANCE J. NEUBECKER,

                 Plaintiff,

v.

NEW YORK STATE, STATE UNIVERSITY
OF NEW YORK, ERIE COMMUNITY
COLLEGE,

                 Defendant.
_____

**DECISION AND ORDER**

1:15-CV-00614 EAW



## **INTRODUCTION**

Plaintiff Constance Neubecker ("Plaintiff") commenced this action against Defendant Erie Community College ("ECC" or "Defendant")[1] on July 10, 2015, asserting violations of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000e *et seq.*, the Equal Pay Act, as amended, 29 U.S.C. § 206(d), and the Lilly Ledbetter Fair Pay Act, 42 U.S.C. § 2000e-5. (Dkt. 1).

Defendant filed a motion for summary judgment on August 8, 2017 (Dkt. 37), which Plaintiff opposed (Dkt. 53). On September 17, 2018, the Court entered a Decision and Order (Dkt. 61) (the "September 17th Decision and Order") granting Defendant's motion

___

[1]    The caption of Plaintiff's complaint identifies "New York State, State University of New York, Erie Community College" as the defendant. (*See* Dkt. 1 at 1). The substance of the complaint makes it clear that Plaintiff is suing only ECC, and not the State of New York or the State University of New York separately. (*See id.* at ¶ 2).

in part and denying it in part. In particular, the Court granted Defendant's motion as to all of Plaintiff's claims except her claim for retaliation. (*Id.* at 30).

On October 17, 2018, Defendant filed a motion for partial reconsideration of the September 17th Decision and Order. (Dkt. 62). Specifically, Defendant asks that the Court reconsider its denial of summary judgment on Plaintiff's retaliation claim. (*Id.* at 1). Plaintiff filed opposition papers on November 8, 2018 (Dkt. 64), and Defendant filed reply papers on November 15, 2018 (Dkt. 65). For the reasons set forth below, Defendant's motion for reconsideration is denied.

## BACKGROUND

The factual and procedural background of this case is set forth in detail in the September 17th Decision and Order, familiarity with which is assumed for purposes of this Decision and Order.

## DISCUSSION

### I. Legal Standard

The Federal Rules of Civil Procedure do not recognize a motion for "reconsideration." *See Lopez v. Goodman*, No. 10-CV-6413 CJS, 2013 WL 5309747, at *1 (W.D.N.Y. Sept. 20, 2013) (citing *Hamilton v. Williams*, 147 F.3d 367, 371 n. 10 (5th Cir. 1998)). "Since the Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration, such a motion may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b)." *Hill v. Washburn*, No. 08-CV-6285, 2013 WL

5962978, at *1 (W.D.N.Y. Nov. 7, 2013) (citing *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989)).

As explained by the Second Circuit, "[t]he standard for granting a [motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted). "With respect to the third of these criteria, to justify review of a decision, the Court must have 'a clear conviction of error on a point of law that is certain to recur.'" *Turner v. Vill. of Lakewood*, No. 11-CV-211-A, 2013 WL 5437370, at *3-4 (W.D.N.Y. Sept. 27, 2013) (quoting *United States v. Adegbite*, 877 F.2d 174, 178 (2d Cir. 1989)). "'These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court.'" *Boyde v. Osborne*, No. 10-CV-6651, 2013 WL 6662862, at *1 (W.D.N.Y. Dec. 16, 2013) (quoting *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)).

## II. Reconsideration is not Warranted

In its motion for reconsideration, Defendant argues that the Court "overlooked certain factual matters" in concluding that the wrongful conduct alleged by Plaintiff was sufficiently substantial in gross to support a retaliation claim. (Dkt. 62-1 at 2). In particular, Defendant argues that the wrongful conduct discussed by the Court in the September 17th Decision and Order amounted to the sort of minor annoyances that courts have found not actionable. (*Id.* at 4-5).

Defendant's argument is nothing more than a rehash of matters already considered and decided by the Court. While Defendant identifies potential explanations and alternative views of the wrongful conduct alleged by Plaintiff, on a motion for summary judgment, the Court is required to review all the evidence in the light most favorable to Plaintiff and draw all inferences in her favor. As the Court explained in the September 17th Decision and Order, a reasonable jury could find on the instant record that, in close temporal proximity to her complaints about discrimination, Plaintiff was forced to move her desk into an area where mice were present, her supervisor began refusing to speak to her while speaking freely to other employees, she was instructed to perform tasks in an unreasonable period of time, and she was yelled at to the point that it made her feel sick. (Dkt. 61 at 28-29). While these acts might not, considered in isolation, rise to the level of an adverse employment action, this Court cannot say as a matter of law that, considered in the aggregate, they would not "dissuade a reasonable worker from making or supporting a

charge of discrimination." *Hicks v. Baines*, 593 F.3d 159, 165 (2d Cir. 2010) (quotation omitted) (reversing grant of summary judgment on retaliation claim where the plaintiffs alleged the defendant prevented them from activating the facility's security system and then reprimanded them, and also deliberately changed their work schedules for punitive reasons); *see also Tournois v. Waterloo Premium Outlet/Simon Prop. Grp., Inc.*, No. 12-CV-6501T, 2013 WL 3936465, at *5 (W.D.N.Y. July 30, 2013) (allegations that after the plaintiff complained of discrimination he was treated differently from other employees, verbally abused by a supervisor, and "subjected to unwanted scrutiny of his vehicle that was seemingly unrelated to his job duties" were sufficient to support a retaliation claim— "[w]hile each action alone may be considered a 'petty slight,'" when considered in the aggregate, they "might have dissuaded a reasonable worker from making or supporting a charge of discrimination").[2]

Nor do Defendant's factual quibbles warrant reconsideration. For example, Defendant argues that mice were only present in the garage on one occasion and that Plaintiff did not "suffer any negative consequence" when she was unable to complete tasks in the (allegedly insufficient) time allotted. (Dkt. 62-1 at 6-8). These facts were not

---

[2] In reaching this conclusion, the Court has not relied on Plaintiff's contention, made in opposition to the motion for reconsideration, that she was required to do more difficult tasks than her male counterparts while she "remained at a lower pay level." (Dkt. 64 at 4). As Defendant correctly points out in its reply papers, the Court found as a matter of law in the September 17th Decision and Order that Plaintiff was treated substantially the same as her male co-workers in terms of pay. (*See* Dkt. 61 at 23-24). Plaintiff is cautioned that, at trial, she will not be permitted to rely on theories already rejected by this Court to prove her retaliation claim.

overlooked by the Court in its analysis—to the contrary, as Defendant acknowledges in its motion papers, the September 17th Decision and Order expressly notes that "[t]he evidence in the record indicates that Plaintiff only spotted mice in her work space one time." (Dkt. 61 at 21). However, the Court ultimately concluded that although the conduct might be trivial considered in isolation, a jury could find it rose above that level when considered in total. Defendant's disagreement with that conclusion does not constitute a basis for reconsideration.

Moreover, Defendant's contention that Plaintiff has failed to establish a causal connection between her protected activity and the alleged retaliatory acts is unavailing. As the Court explained in the September 17th Decision and Order, the temporal proximity between Plaintiff's complaints and the alleged retaliatory acts is sufficient to support the inference of a retaliatory motive. (*See* Dkt. 61 at 29). Defendant's motion raises no new facts regarding this issue and offers no legitimate basis for reconsideration. To the contrary, Defendant merely cites the same district court case that it cited in its original motion papers. (*Compare* Dkt. 42 at 27 *with* Dkt. 62-1 at 8). This falls far short of the showing necessary to warrant reconsideration of the Court's prior order.

Finally, the Court does not find it dispositive that Plaintiff herself was apparently not dissuaded from continuing to make complaints. See Santos v. E T & K Foods, Inc., No. 16CIV7107DLIVMS, 2017 WL 9256490, at *6 (E.D.N.Y. June 27, 2017) ("Because the Court must apply the standard of what would dissuade a reasonable worker from

making or supporting similar charges, Plaintiff's subjective reaction to Defendants' alleged conduct is of limited significance."); *Hahn v. Bank of Am. Inc.*, No. 12 CIV. 4151 DF, 2014 WL 1285421, at *24 (S.D.N.Y. Mar. 31, 2014), *aff'd*, 607 F. App'x 55 (2d Cir. 2015) (noting that it is "not dispositive" whether the plaintiff herself was dissuaded from making complaints, because "the standard is objective"). Additionally, Defendant did not make this argument in its motion for summary judgment. (*See* Dkt. 42 at 24-27). "A motion for reconsideration cannot be employed as a vehicle for asserting new arguments . . . that could have been adduced during the pendency of the underlying motion." *Palmer v. Sena*, 474 F. Supp. 2d 353, 355 (D. Conn. 2007) (quotation omitted).

In sum, Defendant's motion for reconsideration amounts to little more than a disagreement with the Court's assessment of the evidence of record and legal conclusions based thereon, which is not sufficient to satisfy Defendant's burden. *See, e.g., Ward v. TheLadders.com, Inc.*, 3 F. Supp. 3d 151, 170 (S.D.N.Y. 2014) ("While the defendant disagrees with the Court's decision, that is not a basis for reconsideration."). As a result, Defendant's motion for reconsideration is denied.

## **CONCLUSION**

For the reasons discussed above, the Court denies Defendant's motion for reconsideration. (Dkt. 62). A conference to set a trial date is hereby scheduled for Monday, July 29, 2019, at 2:30 p.m., at the United States Courthouse, 100 State Street, Rochester, New York. <u>Please note the location.</u>

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:     June 28, 2019
           Rochester, New York